**Harry B. CHARAL, Charles Flitter and Frederick W. Weisenbach, on behalf of themselves and all others similarly situated, and Harry B. Charal, derivatively on behalf of Franklin Mint Corporation**

v.

**Charles L. ANDES, Michael C. Boyd, Henry W. Broido, Jr., Donald C. Carroll, Nelson B. Colton, James M. Doyle, Jr., Gerald C. Dragonetti, David R. Dustin, Orville L. Freeman, Brian G. Harrison, Norman Klauder, Stanley Merves, Gilroy Roberts, Donald F. Smith, Martin F. Walsh, John C. Whitehead, Donald S. Winograd, Franklin Mint Corporation, and Price Waterhouse & Company**

and

**Franklin Mint Corporation, for the purpose of the derivative action.**

Civ. A. No. 77–1725.

United States District Court,
E. D. Pennsylvania.

Jan. 10, 1979.

David Berger, Philadelphia, Pa., for plaintiffs.

Daniel Mungall, Jr., John G. Harkins, Jr., Mathew J. Broderick, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are the plaintiffs' motions for class action certification, pursuant to Fed.R.Civ.P. 23(a) and (b)(3). For the reasons stated below, the plaintiffs' motions will be denied.

To maintain this case as a class action, the plaintiffs must demonstrate that they satisfy the requirements of Fed.R. Civ.P. 23(a), as well as at least one of the subsections of Fed.R.Civ.P. 23(b). *Cohen v. Uniroyal, Inc.,* 77 F.R.D. 685, 689 (E.D.Pa. 1977). The satisfaction of each of these requirements is mandatory and may not be waived. *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 246 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). One of these prerequisites is that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). This requirement is satisfied if it appears that: (1) the named plaintiffs' interests are not antagonistic to those of other members of

the class; and, (2) the plaintiffs' attorneys are qualified, experienced and generally able to conduct the litigation. *Wetzel v. Liberty Mutual Insurance Co., supra,* 508 F.2d at 247. In addition, because a named class representative has imposed upon him a fiduciary duty to assure that the interests of the absent class members are fully protected, *Greenfield v. Villager Industries, Inc.,* 483 F.2d 824, 832 (3d Cir. 1973); *Guttmann v. Braemer,* 51 F.R.D. 537, 540 (S.D. N.Y.1970), the Court must also be satisfied that the class representative will vigorously present, prosecute and protect the interests and claims of the class members, *Sley v. Jamaica Water & Utilities, Inc.,* 77 F.R.D. 391, 394 (E.D.Pa.1977); *Cohen v. Uniroyal, Inc., supra,* 77 F.R.D. at 691–692; *see also, Dolgow v. Anderson,* 43 F.R.D. 472, 494 (E.D.N.Y.1968). We find, on the basis of the following, that the proposed class representatives in the case before us will not vigorously and adequately protect the interests of the class they seek to represent and, accordingly, we hold that the plaintiffs have failed to satisfy the adequacy of representation requirement of Fed.R.Civ.P. 23(a)(4):

■ The three named plaintiffs in this action are Harry B. Charal ("Charal"), Charles Flitter ("Flitter") and Frederick W. Weisenbach ("Weisenbach"). Each of these named plaintiffs seeks to represent the proposed class. Charal, in addition to being a named plaintiff of the direct claims against the defendants, is also the named derivative plaintiff suing on behalf of the Franklin Mint Corporation. Charal, Flitter and Weisenbach are jointly represented on the direct claims, and Charal on the derivative claim, by the Philadelphia law firm of Berger & Montague, P. C. ("Berger"), and by the New York law firm of Lipper, Lowey & Dannenberg ("Lipper").

It is plain that it will be nearly impossible for Charal to represent the interests of the corporation vigorously in advancing the derivative claim and, at the same time, represent the individual claimants against that same corporation with equal vigor. It is difficult to imagine a clearer conflict of interest. Furthermore, Charal is, and has been for the past eleven years, the officer manager of the Lipper firm. Charal affidavit, Plaintiffs' Exhibit U. Charal has signed a fee agreement with both Berger and Lipper which states:

It is understood that I shall in no way be obligated for any fees to you or to any counsel associated with you. Such fees as may be payable to you or your associate counsel for services will be sought only upon application to a court or other tribunal having appropriate jurisdiction.

Charal Deposition, Exhibit 4, ¶ 4. These facts warrant a prudent person to conclude that Charal, the employee and subordinate of the law firm, was selected as a class representative as an accommodation and to assure control of the class representative by the lawyer, in return for which the subordinate would bear no financial burden. This, in fact, may not be the case; but it clearly appears that way and, accordingly, this appearance is the death knell of the arrangement. *See Kramer v. Scientific Control Corp.,* 534 F.2d 1085 (3d Cir.), *cert. denied sub nom., Arthur Andersen & Co. v. Kramer,* 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976).

■ Let us turn to Flitter and Weisenbach. Flitter is Weisenbach's stockbroker (Weisenbach deposition, p. 8) and Weisenbach bought his stock in the Franklin Mint Corporation on Flitter's advice (Weisenbach deposition, pp. 16–20). A reading of the pleadings in this case, and even a conservative assessment of the allegations, would compel the feeling, if not the conclusion, that before this case is over Weisenbach may have a viable claim against Flitter. From the viewpoint of evaluating adequate class representation, *now* is the time to avoid collision of one subclass against another subclass in such circumstances. Furthermore, with respect to the class that Flitter seeks to represent, it seems clear that Flitter may find himself driven to certain conclusions in regard to his role as a stockbroker, in connection with his sale of the defendants' stock, that would be contrary to claims of the class in respect to

that same stock. While again this may not occur, the likelihood that it could is what must be guarded against now and not at a later time. Further, both Flitter and Weisenbach have signed fee agreements with both Berger and Lipper which provide, in pertinent part:

> You agree to be guided by our advice regarding any such settlement.

Flitter deposition, Exhibit 6, ¶ 2. When asked his interpretation of this clause, Flitter replied:

> A. Just what it says, that I've agreed to whatever—whatever—
>
> Q. Well, do you understand that to mean that the lawyers can instruct you as to whether or not to accept a settlement?
>
> A. Absolutely. Now, inasmuch as you put it that way, I understand the question. Yeah. Absolutely.

Flitter deposition, pp. 48–49. When asked his interpretation of the clause, Weisenbach replied:

> A. That my counsel will tell me what to do, give me advice.
>
> Q. Do you interpret it to mean that you will follow your counsel's instructions?
>
> A. Yes.

Weisenbach deposition, p. 41. The aforementioned arrangement is nothing more than a total abdication of a client's independence to the judgment of his lawyer. If the client chooses to fill such a role in his private litigation, that is his business; but to do so as a class representative is another matter. As the court noted in *Pettway v. American Cast Iron Pipe Co.,* 576 F.2d 1157 (5th Cir. 1978):

> . . . "An attorney who prosecutes a class action with unfettered discretion becomes, in fact, the representative of the class. This is an unacceptable situation because of the possible conflicts of interest involved." *Leib v. 20th Century Corp.,* 61 F.R.D. 592 (M.D.Pa.1974). In the context of a shareholders' derivative action, *Saylor v. Lindsley,* 456 F.2d 896 (2nd Cir. 1972), Judge Friendly has stressed that courts should not "accept the view that the attorney for the plaintiff is the *dominus litis* and the plaintiff

only a key to the courthouse door dispensable once entry has been effected" . . ..

*Id.,* at 1177.

Although there are other examples in the record, we find that the above recitation is sufficient to demonstrate that the plaintiffs have failed to meet their burden of establishing that the proposed class representatives will vigorously protect the interests of the absent class members. Rather than satisfying this Court of their ability and desire to vigorously prosecute this action, the plaintiffs have demonstrated the strong possibility that, either because of close association with counsel in a subordinate capacity or because of a psychological and/or contractual inclination to accept without question the advice of counsel, the proposed class representatives will not adequately, much less vigorously, protect the interests of the absent class members.

An appropriate Order will be entered.