Carlos AGUIRRE, Juan Mendez, Rafael Ortiz, and Miguel Gonzales, for themselves and all others similarly situated, Plaintiffs,

v.

Ramiro BUSTOS and Santo Tomas Produce Association, Inc., Defendants.

Civ. No. 80–661 HB.

United States District Court,
D. New Mexico.

April 2, 1981.

Angel L. Saenz, Southern New Mexico Legal Services, Las Cruces, N. M., for plaintiffs.

John A. Darden, III, Darden & Darden, P. C., Las Cruces, N. M., for Santo Tomas Produce Association.

Lloyd O. Bates, Jr., Pickett & Bates, Las Cruces, N. M., for Ramiro Bustos.

## MEMORANDUM OPINION

BRATTON, Chief Judge.

Plaintiffs have moved to certify this action as a collective action under the Fair Labor Standards Act and as a class action under the Federal Rules of Civil Procedure. After reviewing the memoranda and exhibits submitted by the parties and hearing testimony and oral argument, the Court concludes that the motion should be granted for the reasons, and on the terms, set forth in this opinion.

Plaintiffs are migrant farmworkers who harvested onions during the spring and summer of 1980 on farms near Las Cruces, New Mexico. Defendant Bustos is a farm labor contractor, and defendant Santo Tomas Produce Association, Inc., is a cooperative association of farmers. Plaintiffs allege that they were employed by the defendants, that during their employment they were not paid the minimum wage required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and that in recruiting and employing them the defendants violated the Farm Labor Contractor Registration Act (FLCRA), 7 U.S.C. § 2041 et seq., in various ways. They seek a declaratory judgment and damages. In the motion now being considered, plaintiffs ask that their FLSA claim be treated as a collective action[1] pursuant to 29 U.S.C. § 216(b) and that their FLCRA claim be certified as a class action pursuant to Rule 23, Fed.R.Civ.P.

The FLSA issue will be considered first. Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), provides:

Any employer who violates the [minimum wage provisions] ... of this title shall be liable to the employee or employ-

---

1. The term "collective lawsuit" was applied to this type of action in *Pentland v. Dravo Corp.,* 152 F.2d 851 (3d Cir. 1945).

ees affected in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages .... An action to recover [this liability] may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Plaintiffs have already filed consent forms signed by more than 60 of their co-workers who wish to become parties to this suit. The action may proceed as a collective action if all the proposed plaintiffs are "similarly situated" within the meaning of the statute.

A group of farmworkers who labored together in the fields and allege the same minimum wage violations are so situated. *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613 (S.D.Tex.1979). Only Carlos Aguirre, the first named plaintiff, falls outside this group. Evidence presented at the motion hearing shows that Aguirre recruited some of the other workers, that his salary was based on the amount of work they did, and that he was periodically given money by Bustos to distribute to the field hands as their pay. While it might generally be desirable to construe a remedial statute like the FLSA broadly, it would be improper in the present circumstances to hold that Aguirre is similarly situated with respect to the other plaintiffs. Indeed, his interests may conflict with theirs. The defendants might seek to prove that Aguirre himself was an employer subject to FLSA liability or that he withheld pay that he should have distributed. This potential conflict makes it inappropriate for Aguirre to press a minimum wage claim on behalf of all the workers.

Because the other named plaintiffs are proper representatives of their co-workers, they will be permitted to press the FLSA claims of the entire group. The claim of plaintiff Aguirre will be severed. Plaintiffs' counsel will be granted time to secure any additional consent forms that should be filed in this action.[2]

■ With regard to certification of plaintiffs' FLCRA claims as a class action, it must initially be determined that the Rule 23(a) prerequisites to class action certification have been met. First, the class must be so numerous that joinder of all members is impracticable. The class sought to be certified consists of all persons who were recruited, solicited, furnished, or hired by the defendants through Carlos Aguirre during May and June of 1980.[3] Plaintiffs further propose to limit the class to those persons who receive individual notice of this action.[4] The class numbers at least 60 persons and is expected to exceed 100 mem-

---

2. Elsewhere in this opinion it is observed that Carlos Aguirre's potential conflict of interest with the other plaintiffs also affects his adequacy as a class representative on the FLCRA claims. It should be noted that FLSA collective actions and Rule 23 class actions are procedurally distinct. The standard by which the adequacy of a representative party is measured under Rule 23 may not be the same as that applicable under 29 U.S.C. § 216(b). The fact that potential plaintiffs must "opt in" under the FLSA procedure, for instance, may justify a lesser standard in such cases. By its holding here the Court does not indicate that the same test has been used to determine whether Aguirre can adequately represent these farmworkers on their FLSA claims and on their FLCRA claims, but rather that on the present facts he cannot properly assume either role.

3. This class is narrower than the class originally proposed in plaintiffs' complaint. The new definition, propounded after the motion hearing, moots defendants' claim that the farmworkers should be divided into subclasses depending on whether they were recruited directly by Bustos or by Aguirre.

4. The proposal to limit class membership to those workers who are personally contacted by a representative of the named plaintiffs and given a chance to opt out of the suit was offered in response to defendants' claim that, due to the mobility of migrant workers and the absence of employment records, the members of the class would be impossible to identify.

bers. It is concluded that joinder of all the class members is impracticable.

■ Second, there must be questions of law or fact common to the class. Since each member of the class alleges the same statutory violations arising out of the same episode of recruitment and employment, this requirement is easily met.

Third, the claims of the parties must be typical of those of the class. This requirement also is satisfied without difficulty, for the claims of the representative parties and those of the class members are identical.

■ Fourth, the representative parties must fairly and adequately protect the interests of the class. It has already been noted that Carlos Aguirre's conflict of interest with the other plaintiffs on the minimum wage claim prevents him from being a representative party in the FLSA collective action. Aguirre's conflict goes directly to the heart of plaintiffs' FLSA claim, and that claim is closely bound up with the FLCRA allegations. The conflict thus undermines Aguirre's ability to represent the other farmworkers on their FLCRA claim as well.

The remaining named plaintiffs, however, fully satisfy the fourth prerequisite. They share a common interest with the class members, and they are represented by competent counsel with resources especially suited to conducting litigation for the benefit of migrant laborers.[5] *See Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir.), cert. denied, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). The difficulty presented by Aguirre's presence among the class representatives can be resolved by striking him from the list of representatives and requiring him to pursue his claim individually. *See Weisman v. Darneille*, 78 F.R.D. 671 (S.D.N.Y.1978). Aguirre's FLCRA claim will therefore be severed along with his FLSA claim.

■ Defendants argue that the remaining named plaintiffs are inadequate representatives because they are uneducated laborers without the knowledge necessary to control this lawsuit. It is noteworthy that these objections focus only on plaintiffs' formal education, not on their knowledge of the facts underlying this suit or their understanding of the essence of their legal claims. The plaintiffs have first-hand knowledge of the conditions under which they were recruited and employed. The alleged FLCRA violations, which involve a failure to make required disclosures to the employees and to keep records relating to their employment, can be understood by persons without advanced schooling. In these circumstances, accepting defendants' suggestion that only litigants arguably more able to supervise their attorneys can be adequate guardians of class rights would severely undercut the utility of the class action as a device to aid those most in need. *See Wellman v. Dickinson*, 79 F.R.D. 341 (S.D.N.Y.1978).

Each named plaintiff has a personal financial stake in the outcome of this suit. There is no showing that the representative parties cannot make practical decisions during the course of the lawsuit that would protect the interests of the class. The evidence submitted for the motion hearing shows that the named plaintiffs have consulted with their attorneys and have responded to defendants' requests for discovery. The class action plaintiffs certainly possess that "minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision-making as to the conduct of the litigation" that is required of them. *Wofford v. Safeway Stores, Inc.*, 78 F.R.D. 460, 487 (N.D. Cal.1978).

Although courts have occasionally denied class certification because the representatives were inadequate to protect the class or to supervise their attorneys, nothing in the record here makes those cases applicable;

---

**5.** Plaintiffs are represented by attorneys of Southern New Mexico Legal Services who themselves have experience representing migrant farmworkers and who have obtained assistance from the New Mexico Legal Services Support Project and the Migrant Legal Action Program.

there is no evidence that these class representatives are of bad character, are unwilling to pursue this action, or would disregard their duties, or that their attorneys are conducting this suit for their own gain. *See Hernandez v. United Fire Insurance Co.,* 79 F.R.D. 419 (N.D.Ill.1978). It is therefore concluded that the class action plaintiffs will adequately protect the interests of the class.[6]

 Having determined that a class action brought by the named plaintiffs, Carlos Aguirre excepted, meets the Rule 23(a) prerequisites, the Court must next consider whether the action falls within one of the categories of class actions described in Rule 23(b). The Court concludes that plaintiffs' FLCRA claim may be maintained as a Rule 23(b)(3) class action.[7]

In order to meet the Rule 23(b)(3) criteria, questions of law or fact common to each class member's claim must predominate over individual questions, and a class action must be found to be a superior method for resolving this controversy. Common questions do predominate in this action, because the same failure of the defendants to comply with FLCRA must be proved by each farmworker in the class. Only the amount of damages must be established individually, and this necessity alone cannot preclude class certification. *Gold Strike Stamp Co. v. Christensen,* 436 F.2d 791 (10th Cir. 1970).

A class action is superior to other available methods for the fair and efficient adjudication of this dispute. Joinder of all class members in a single action would be impracticable, and maintenance of separate but identical actions by each of them would waste the time and energy of courts and counsel. Of course, in the absence of a class action the claims of most class members probably would not be litigated at all, but such a situation can hardly be viewed as a fair resolution of this matter.

The proposed class action presents no significant problems of manageability. Plaintiffs have put forward an acceptable plan for giving notice to class members through personal contact. Defendants assert that some class members may be Mexican citizens not subject to the jurisdiction of a United States court and that their appearance cannot be compelled for discovery or trial, but they have not shown how the absence of any such class members would be prejudicial to them.

In summary, all the claims of Carlos Aguirre will be severed from those of the other plaintiffs because Aguirre's interests may conflict with theirs. The remaining named plaintiffs will be permitted to assert the minimum wage claims of their consenting co-workers in a collective action under the Fair Labor Standards Act; they will also be certified as representatives of the proposed class to litigate the alleged violations of the Farm Labor Contractor Registration Act. Carlos Aguirre's individual claims will be joined with the collective action and the class action prior to trial if it is established that his potential conflict of interest does not exist. An order will be entered in conformity with this opinion.

---

6. Defendants also claim that the named plaintiffs cannot adequately finance a class action because they are poor. Counsel for plaintiffs has stated by affidavit that Southern New Mexico Legal Services has set aside the funds necessary to conduct this suit. This is sufficient proof, if proof be needed, that there is no financial impediment to the proposed class representation.

7. Plaintiffs assert that the action may be maintained under Rule 23(b)(2) as well. It does not appear that such certification would be appropriate. The claim pressed by plaintiffs seeks primarily monetary relief and does not allege

the sort of class-based discriminatory conduct that is the principal target of Rule 23(b)(2) suits. *See Rich v. Martin Marietta Corp.,* 522 F.2d 333 (10th Cir. 1975); Advisory Committee's Note to Rule 23, 39 F.R.D. 69, 102 (1966). The issue loses its significance, however, because plaintiffs do not intend to exploit the absence of a notice requirement under Rule 23(b)(2); rather, they propose to include in their class only those farmworkers who have received personal notice of this suit. There is therefore no practical difference between certification under Rule 23(b)(2) or (3).