Appeal of Charles Emerick and Genevieve Emerick et al. From the Decision of the Dauphin County Board of Assessment Appeals. Charles Emerick and Genevieve Emerick et al., Appellants.

Argued February 2, 1983, before President Judge CRUMLISH, JR., and Judges MacPHAIL and DOYLE, sitting as a panel of three.

*David L. Kurtz,* for appellants.

*Herbert A. Schaffner, Reynolds, Bihl & Schaffner,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 4, 1983:

Charles and Genevieve Emerick appeal a Dauphin County Common Pleas order which denied their petition for class certification. We affirm.

The Emericks seek to certify a class action challenge to the Dauphin County Board of Assessment's method of valuing real property and the assessment ratio used to compute real estate taxes. They contend that the County's failure to answer their petition entitles them to certification. We find this contention without merit.[1]

> Well-pleaded class action allegations, if admitted by the class opponent, may be considered as evidence at the class certification hearing . . . .
> The prima facie showing shifts to the class op-

---

[1] Appellants' other arguments essentially are that they satisfied all of the requirements of Pa. R.C.P. Nos. 1702, 1708 and 1709. We believe these arguments have been amply dealt with by the trial court, so we find no need to address them here.

ponent the burden of coming forward with contrary evidence . . . . If there is an actual conflict on an essential fact, the class proponent bears the risk of non-persuasion.

*Janicik v. Prudential Insurance Co. of America,* Pa. Superior Ct.    ,    , 451 A.2d 451, 455-56 (1982) (citations omitted).

We affirm on the basis of the opinion of CALDWELL, J.,[2]     Pa. D. & C.3rd    (1981).

Affirmed.

### ORDER

The order of the Dauphin County Court of Common Pleas, No. 5644 S 1979, dated May 7, 1981, is hereby affirmed.

---

[2] We note that, although Judge Caldwell's opinion does not set forth specific fact findings and conclusions of law, the opinion meets with the requirements of Pa. R.C.P. No. 1517(a), which allows a narrative form so long as there are enough facts and discussion for the appellate court to exercise its review function. We conclude that the able opinion of the trial court meets this requirement. *See Janicik,*    Pa. Superior Ct. at    n.2, 451 A.2d at 454 n. 2 (the applicability of the elements of Pa. R.C.P. No. 1517(a) to class actions).