DECISION
Currently before the Court is the Plaintiff's Motion for Class Certification pursuant to Rule 23[1] of Rhode Island's Rules of Civil Procedure and the Defendant's two Motions to Strike the Class Certification Opinions of Paul Griglio and Bernard Siskin. Oral argument was presented to this Court on February 2, 2000. The pertinent facts are as follows.
 Facts/Travel
David R. Cazabat, Jr. ("Plaintiff") purchased an insurance policy from the Defendant, Metropolitan Property and Casualty Insurance Company ("Metropolitan"), with an effective date on or about March 4, 1998. One vehicle that was covered under the policy was a new 1997 Dodge Dakota pickup truck that the Plaintiff had purchased on or about January 24, 1998 for $11,408.86. On March 25, 1998, the Plaintiff was involved in an accident in which Metropolitan paid the full cost of repairs of his truck pursuant to the policy less the deductible. After the repair work was completed, the Plaintiff then sought payment from Metropolitan for an alleged loss as a result of diminished value. That claim was denied by Metropolitan based upon the language of the policy.
The Plaintiff was involved in a second accident on October 26, 1998 in which the truck suffered substantial damage. After inspection, the truck was declared as a total loss. Metropolitan paid the Plaintiff $13,219.24, the actual cash value of his truck at the time of the loss. As a result of the accidents, Metropolitan notified the Plaintiff on December 8, 1998 that his policy would not be renewed effective January 18, 1999.
The Plaintiff filed the present complaint on July 14, 1999. He now moves for class certification to pursue a single breach of contract claim in connection with the insurance policy he had with Metropolitan. In his Motion for Class Certification, he states that his claim is based upon the fact that "(a) Metropolitan uniformly failed to estimate and assess the inherent diminished value ["IDV"] when conducting the initial inspection of the first-party property damage claims of its insured's vehicles; (b) Metropolitan uniformly failed to advise its insureds in Rhode Island, Louisiana, Arkansas and Georgia that such coverage was available under the insurance contract when the insured made his or her claim; and (c) Metropolitan uniformly refused to compensate each Class Member for the loss, including the Plaintiff."
The Plaintiff seeks certification of the following classes:
 Damage Class
All persons in the states of Rhode Island, Louisiana, Arkansas and Georgia ("Class States") who: (1) were insured under a motor vehicle insurance policy that provided comprehensive or collision coverage issued by Metropolitan Property and Causality Insurance Company; (2) who submitted a claim for damage to an insured automobile arising out of claim covered under the collision or comprehensive coverage of their policy since July 1, 1989; (3) who did not receive payment for inherent diminished value; and (4) where
 a. the estimate and supplements totaled at least $1,000.00; and
 b. the claim involved the following types of vehicle damage:
 1. Structural and/or Frame Damage; and/or
 2. Paint Work; and/or
 3. Deformed Sheet Material; and
 c. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident.
Excluded from the Class are: (1) policyholders whose policies insure or insured leased vehicles; (2) policyholders whose policy expressly excluded diminished value at the time the claim was made (i.e., policy contained Endorsement P347); (3) employees of Metropolitan, including its officers or its directors; (4) Plaintiff's counsel; and (5) the Judge of the Court to which this case is assigned.
 Declaratory/Injunctive Class
All persons in the states of Rhode Island, Louisiana, Arkansas and Georgia ("Class States") who: (1) are insured under a motor vehicle insurance policy that provides collision or comprehensive coverage issued by Metropolitan Property and Casualty Insurance Company; and (2) who submit a claim for damage to an insured automobile arising out of a claim covered under the collision or comprehensive coverage of their policy after the date this Class was certified.
Excluded from the Class are: (1) policyholders whose policies insure leased vehicles; (2) policyholders whose policies expressly exclude diminished value at the time the claim was made (i.e., policy contained Endorsement P347); (3) employees of Metropolitan, including its officers or its directors; (4) Plaintiff's counsel; and (5) the Judge of the Court to which this case is assigned.
 Standard
In Rhode Island, "[a] finding by the court that a class action will fairly ensure the adequate representation of alleged parties is a condition precedent to the maintenance of a class action." Cabana v. Littler, 612 A.2d 678, 685 (R.I. 1992). "The party pleading the class action bears the burden of proof." Id. "The initial burden is not heavy but requires more than mere conjective and conclusory allegations." Id. at 686 (citing Janick v. Prudential Insurance Co. of America,451 A.2d 451, 455 (P.A. 1982)). In order to satisfy that burden, the party pleading the class action must make, as a requirement of Rule 23 of the Rhode Island Rules of Civil Procedure, "a timely motion to certify the suit as a class action and to present evidence from which the court can conclude that class-certification requirements are met." Id. (citing Janick, 451 A.2d at 454.)
"An action must satisfy all of the requirements of Rule 23(a) and qualify under one of the three categories of subdivision (b) in order to be approved as a class action." See 1 Herbert Newberg Alba Conte, Newburg on Class Actions, § 3.01, at 3-5 (3rd. Ed. 1992); Sup.R.Civ.P. Rule 23. "In ruling on a motion for class certification, a court should not decide the merits of the case." Zarella v. Minnesota Mutual Life Ins. Co., 1999 WL 226223, *3 (R.I. Super. 1999) (citing Eisen v. Carlisle Jacquelin, 417 U.S. 156, 177-78 (1974)). "A court may, however, look past the pleadings in determining whether requirements of Rule 23 have been satisfied." Id. (citing Castano v. American Tobacco Co., 84 F.3d 734, 744 (5th Cir. 1996)). As noted by the Court in Zarella, there is a "dearth of case law" in Rhode Island pertaining to class actions and Rule 23. Zarella, 1999 WL 226223 at *3, n. 5. Therefore, it is proper for this Court to look to interpretations of Federal Rule 23 from the federal courts. Id. (citing Ciunci v. Logan,652 A.2d 961, 962 (R.I. 1995)).
 Rule 23 (a)(1) — Numerosity
The Plaintiff argues that the prerequisite found in Rule 23(a)(1) has been satisfied in the instant case. Rule 23 states that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable."
In support of his argument, the Plaintiff expresses that the requested class action contains possibly 90,000 claims from Rhode Island, Louisiana, Arkansas, and Georgia.
Although the number of possible claimants is only one factor in determining whether joinder is impracticable, when class size reaches "substantial proportions," numbers alone could satisfy the requirements of Rule 23(a)(1). See 1 Herbert Newberg Alba Conte, Newburg on Class Actions, § 3.05, at 3-26 (3rd. Ed. 1992). That is the case here. The circumstances of the present case are such that joinder of all possible claimants would be impracticable. Metropolitan spends little or no time arguing to the contrary. Therefore, this Court finds that the class certification requirement found in Rule 23(a)(1) is satisfied in that joinder would be impracticable.
 Rule 23(a)(2) — Commonality
The Plaintiff next argues that Rule 23(a)(2) is satisfied because common questions of fact and law exist among the members of the class. Two questions in particular that the Plaintiff points to are whether IDV categorically results from certain types of damage suffered by class members and whether Metropolitan systematically failed to disclose to its insureds that there was coverage for IDV in breach of its contract with the members of the class. He argues that a common course of conduct such as this gives rise to common questions which make class certification appropriate.
As stated by the Federal District Court of Rhode Island, "Rule 23(a)(2) does not require that the common questions of law or fact predominate over the questions affecting individual members.
Instead, it requires merely that questions of law or fact common to the class exist." Caranci v. Blue Cross Blue Shield of Rhode Island, 1999 WL 766974, *12 (D.R.I., August 19, 1999). It has also been stated that the test for meeting the Rule 23(a)(2) prerequisite "is qualitative rather than quantitative that is, there need be only a single issue common to all members of the class." Newburg on Class Actions, § 3.10, at 3-49,50 (citations omitted).
In the present case, the Plaintiff alleges that Metropolitan's standard policies and estimating practices present common issues of fact and law. The Plaintiff also argues that whether Metropolitan is in breach of those policies and in breach of its duty of fair dealing are common questions as well.
Although individual differences could arise in the present suit, the requirements of Rule 23(a)(2) are met when "a common course of conduct gives rise to common questions." See Caranci, 1999 WL 766974 at *12. "[T]o require complete identity would unduly confine class actions to the narrowest circumstances." Id. (citations omitted) The United States Supreme Court has also noted that the commonality requirement found in Rule 23(a)(2) is less demanding than the predominance element of Rule 23(b). See Zarella, 1999 WL 226223, *5 (citing Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 2250, 138 L.Ed.2d 689 (1997)). Therefore, it appears that the allegations against Metropolitan, without reaching the actual merits of the case, contain common issues that arise out of its standardized insurance policy and its actions in relation to that policy. Certainly, class members have an interest as to whether Metropolitan is required to pay its insureds for loss of IDV under their policies. The issue of predominance in connection with Rule 23(b)(3) is discussed later in this decision. However, for the purposes of Rule 23(a)(2), this Court finds that the Plaintiff has satisfied its burden by showing questions of law or fact common to the class.
 Rule 23(a)(3) — Typicality
The Defendant, Metropolitan, argues that the Plaintiff is not a member of either class which he seeks to represent, and therefore fails the typicality requirement found in Rule 23(a)(3). Metropolitan claims that the Plaintiff has been compensated for any IDV that his truck allegedly suffered, and as a result, his claims are not typical of those of the class. The Plaintiff argues that the Plaintiff's claims are typical of the class in that they are based on Metropolitan's same course of conduct and based on the same legal theories. As example, the Plaintiff states that both he and the members of the class were all denied full compensation for their loss in breach of the insurance contracts with Metropolitan. He also states that factual differences between his and the class members' claims should not preclude a finding of typicality because the claims arise from the same course of conduct and the same legal theories. "Typicality refers to the nature of the claim or defense of the class representative and not to the specific facts from which it arose or to the relief sought." Newburg on Class Actions, § 3.15, at 3-78 (citing Fuentes v. Shevin, 407 U.S. 67 (1972)). "Rule 23(a)(3) assures that the claims of the representative party are similar enough to the claims of the class so that he will adequately represent them." Charles Alan Wright, Arthur Miller, Mary Kay Kane, Federal Practice and Procedure, Civil 2d § 1764, pp. 232-33 (1986). In the present action, the Plaintiff is alleging that Metropolitan engaged in a uniform pattern of conduct with regard to IDV that was in breach of its standard insurance policies issued to the members of the class. The Plaintiff claims that he was wrongfully denied IDV as a result of the accident he was involved in on or about March 25, 1998.
The Plaintiff does not have to prove at this time whether he will succeed once the merits of his case are reached. Eisen v. Carlisle 
Jacquelin, 417 U.S. 156, 177 (1974). Just because certain defenses may apply to him does not necessarily lead to the conclusion that his claims are not typical of those of the class. "Defenses may affect the individual's ultimate right to recover, but they do not affect the presentation of the case on the liability issues for the plaintiff class." See Newburg on Class Actions, § 3.16, at 3-88 (citations omitted). Furthermore, the proposed classes are limited to those people that had the IDV provisions in their policy at the time of an accident, and there does not appear to be differences in the policies that would render the Plaintiff's claims atypical. Issues such as whether Metropolitan had a duty to reimburse its policy holders for loss due to IDV are common to the class as well as to the Plaintiff. Therefore, the Plaintiff satisfies the requirements of Rule 23(a)(3) in that his claims and issues involved in his case are typical of those of the class.[2]
 Rule 23(a)(4) — Adequacy
"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 624, 117 S.Ct. 2231,2250 (1997) (citing General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 157-58, n. 13, 102 S.Ct. 2364, 2370-71, n. 13 (1982)). Two main factors that must be determined under Rule 23(a)(4) are (1) whether the Plaintiff's attorneys are qualified and experienced, and (2) whether conflicts of interest exist between the representative plaintiff and the class members.
See General Telephone Co. v. Falcon, 457 U.S. 147 (1982).
Metropolitan argues that there are clear conflicts between the Plaintiff and certain class members, namely, the class members that suffer repair-related diminished value and bodily injuries.
Metropolitan also argues that the fact Cazabat is no longer a Metropolitan policyholder creates a conflict with the potential class members because members who still have a policy with Metropolitan have an interest in keeping their premiums to a minimum. Metropolitan argues that if the Plaintiff were to succeed in the present case, the premiums Metropolitan charges to policyholders would almost certainly increase.
As stated by the Federal District Court of Rhode Island in Caranci, in order for a conflict of interest to defeat the adequacy requirement, the `nature of the conflict between the plaintiffs and the class members must go to the very subject matter of the litigation.'" Caranci, 1999 WL 766974 at *17 (citations omitted). The subject matter of the present litigation is whether Metropolitan breached its contractual duties under its policies by not reimbursing its policyholders for IDV. The common question of Metropolitan's liability supports the relief sought by the Plaintiff and the class members, and any conflict that arises during the course of the suit concerning the type of relief sought could be resolved through the creation of subclasses. See Rule 23 (c). Furthermore, this Court is not convinced that the Plaintiff is an inadequate representative of the class because he is no longer a Metropolitan policyholder. The issues would be identical even if the Plaintiff in this case were a Metropolitan policyholder. The possibility of increased premiums as a result of this suit is conceivable whether the Plaintiff is a Metropolitan policyholder or not. Just because premiums may rise as a result of a suit does not prevent a person from being able to file a suit.
Metropolitan also argues that Plaintiff's counsel have not demonstrated that they will adequately represent the interests of the class. This Court is not persuaded by this argument. After reviewing the material and documents involved in this case, not only is this Court satisfied with the pre-investigation of Metropolitan's counsel, but it also finds the attorneys and law firms are qualified and experienced and satisfy the requirements set forth in Rule 23(a)(4).
 Rule 23(b)(2)
The Plaintiff argues that declaratory and injunctive relief are warranted under Rule 23(b)(2) because Metropolitan engages in systematic conduct in breach of its contract with policyholders that is applicable to the class as a whole. Metropolitan states that certification under Rule 23(b)(2) should be denied because the declaratory and injunctive relief requested must be the predominant remedy requested. It also maintains that the Court should not usurp the authority of legislatures and the administrative agencies of other states.
"Whether an action should be certified under Rule 23(b)(2) `depends on the appropriateness of injunctive or corresponding declaratory relief with respect to the class as a whole.'" Caranci, 1999 WL 766974 at *19 (citing Dionne v. Bouley, 757 F.2d 1344, 1356 (1st. Cir. 1985)). The Court in Caranci found that certification under Rule 23(b)(2) was appropriate in order to protect all the members of the class. An injunction obtained by an individual plaintiff, it stated, would not have that same effect. In Dionne, the Court upheld a lower court's decision denying certification under Rule 23(b)(2) where it found that "any injunctive or declaratory relief [obtained by an individual plaintiff] will inure to the benefit of all those similarly situated." Dionne, 757 F.2d at 1356. The First Circuit agreed with those circuits "which deny Rule 23(b)(2) certification where it is a formality or otherwise inappropriate." Id.
This Court agrees with the Plaintiff that the Declaratory and Injunctive Class predominately requests declaratory and injunctive relief. Although declaratory and injunctive relief do not preclude the granting of money damages within the class, money damages is not the primary relief requested.
However, unlike the facts in Caranci, this Court finds after reviewing the record that injunctive relief or declaratory relief is not appropriate in that Metropolitan has not acted or refused to act on grounds generally applicable to the class as a whole. The record shows that although Metropolitan generally does not consider claims for IDV in Rhode Island and Louisiana, such claims are considered in Georgia and Arkansas. See Vandal Depo., October 13, 2000.
Furthermore, in an affidavit on behalf of Metropolitan, Noel Edsall, the Director of Product Development, states that on July 23, 1999, Metropolitan implemented endorsement P347 for all new insurance policies in Rhode Island which excludes coverage of diminished value. That endorsement was also included in renewed policies starting on August 27, 1999, and all Rhode Island policies contained endorsement P347 by May 27, 2000. The endorsement was also implemented in the same manner to all Metropolitan policies in Louisiana by June 10, 2000, and in Arkansas by May 27, 2000. As the Plaintiff states in his Reply Memorandum, he seeks declaratory/injunctive relief "to protect the insureds who will file a claim in the future." If this Court were to grant class certification for the declaratory and injunctive class in the present case, the class members of only one out of the four states may possibly be affected. In that regard, Metropolitan has not acted on grounds generally applicable to the class pursuant to Rule 23(b)(2). Although there may be common issues involved in the different cases, injunctive and declaratory relief, and contract interpretation seem more appropriate either on a case by case, or a state by state, analysis. Therefore, the plaintiff's motion for class certification pursuant to Rule 23(b)(2) is denied.
 Rule 23(b)(3) — Predominance and Superiority
"To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must `predominate over any questions affecting only individual members'; and class resolution must be `superior to other available methods for the fair and efficient adjudication of the controversy.'" Amchem, 521 U.S. At 615. The Court also noted that "[i]n adding `predominance' and `superiority' to the qualification-for-certification list, the Advisory Committee sought to cover cases `in which a class action would achieve economies of time, effort, and expense, and promote . . . Uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" Id. "In Amchem Products, the United States Supreme Court described the predominance inquiry as being `far more demanding' than Rule 23(a)'s commonality requirement." Zarella, 1999 WL 226223 at *5 (citing Amchem, 117 S.Ct. at 2250.)
Generally, the Plaintiff argues that class certification is the best means of adjudicating the claims of the class members. He states that a class action would save the class members from needlessly duplicative individual actions and expense, and also save the Court's time and resources. The Plaintiff also cautions that the issue of damages need not be resolved at this time, and that a court should not decide the merits of a case in ruling on a motion for class certification.
Metropolitan argues that the Plaintiff failed to present an analysis that common issues will predominate over the individual questions. Metropolitan further argues that the Plaintiff has not demonstrated that a class action is superior to other methods for the fair and efficient adjudication of the controversy. Metropolitan also contends that the Plaintiff has not demonstrated to this Court that a class action encompassing all claims and all defenses of approximately 90,000 class members is superior and manageable.
After reviewing the numerous decisions regarding class certifications, and evaluating all the material offered to the Court in the form of memoranda, affidavits, and exhibits, this Court is not persuaded that the common questions involved in this action predominate over the various individual questions pertaining to each claim. This Court also is not convinced that a class action is the superior form of adjudication in light of the individual questions present in the case and the manageability difficulties that they pose.
Although there exists a common question as to whether Metropolitan was in breach of its insurance policies, the individual questions that arise in determining liability and damages in each separate case are too numerous to assure an efficiently run and managed trial. The Plaintiff alleges that 90,000 possible claims exist against the Defendant in this class action. The Plaintiff has also offered testimony claiming that damages for this class could be calculated based upon Metropolitan's claim's records and damage assessment models. This Court is not satisfied, however, that the individual questions involved in the assessment of car values, assuming the policies are found to include such coverage, will not make this class action burdensome and unmanageable. Whether an insured vehicle suffered any loss of IDV depends on a number of factors personal to each situation. Even if the proposed damage formulas are appropriate for the present case, Metropolitan would still want to defend against individual situations or claims it believes do not involve any loss due to IDV. There are several factors that go into evaluating a vehicle's value, and there are a multitude of situations that could also affect whether IDV is granted. Such factors include prior accidents, owner maintenance, quality of prior repairs, prior ownership, and replacement parts, to name a few.
Although the Plaintiff argues that Metropolitan has records that would allow him to make all these evaluations, too many situations exist that affect a vehicle's value that would present management problems at trial. The Damage Class involves those "who did not receive payment for inherent diminished value," but the individual justifications for that denial in 90,000 cases would be overwhelming at trial. Also, although the Plaintiff states that Metropolitan engaged in standard conduct that allows this case to be certified as a class action, individual claims made by policyholders inevitably contain individual situations personal to the assessment and support of a claim. Whether Metropolitan breached its policies as a result of that common conduct is a common question of the policyholders, but the individual facts needed to determine or support a claim under that theory predominate.
The Plaintiff offers a case from the State of Washington entitled Busani v. United States Automobile Association, Superior Court No. 99-2-08217-1, January 30, 2001 in support of its arguments. The judge in a bench decision certified a class action wherein the plaintiff's proposed class involved individuals who allegedly should have received compensation for IDV but did not. She noted that the class action will "promote the uniformity of decisions to accomplish the ends of equity and justice." She also noted that the claims were too small to motivate individual plaintiffs to pursue their claims. Although the judge may have been aware of the possible individual questions involved in the case, there is no discussion in her decision on the topic. This Court is certainly mindful of the same concerns the judge had in Busani. However, the possible individual questions involved in the present case lead this Court to the conclusion that class certification is not the best, most efficient method for adjudication. The number of mini-trials needed for this case renders the class action unmanageable and henceforth, not superior.
The plaintiff has also relied on cases from Illinois such as Steven Peterson, et. al. v. State Farm Mutual Automobile Insurance Co., CA No. 99-L-394A, Circuit Court, St. Clair County, Illinois, December 21, 2000, and Michael Sims, et. al. v. Allstate Insurance Company, CA No. 99-L-393A, Circuit Court, St. Clair County, Illinois, December 21, 2000. The cases contain facts similar to the present action and the judge for the district court certified both cases as class actions. As the judge pointed out however, "[a]lthough F.R.C.P. 23(b)(3) requires that a class action be superior to other available methods of adjudication, the Illinois statute merely requires that a class action be an appropriate method of litigating the controversy." Peterson at 11. As noted earlier in this decision, Rhode Island's version of Rule 23 is modeled after the federal version of Rule 23, and contains the superiority requirement in Rule 23(b)(3).
In the above cases, the Illinois judge noted that the common issues of contract interpretation predominate over other numerous individual questions in the cases, and stated that any individual issues could be resolved by creating subclasses. He did not discuss, perhaps as a result of the different standard for class certifications utilized in Illinois, the possible manageability problems the individual questions may present in those cases. In the present case however, this Court believes that in order for members of the proposed class to receive damages, not only must there be an interpretation of Metropolitan's standard policy, but there must be a determination of numerous individual questions involved within individual claims. As a result, "class action is not superior to other available methods for the fair and efficient adjudication of the controversy." See Sup.R.Civ.P. Rule 23. The Illinois judge also stated that a class action is the only practical means for policyholders to present their claims. This Court disagrees. Not only are there other practical alternatives for a policyholder to bring suit against Metropolitan, such as filing an action in District or Superior Court, but those alternatives present a much less burdensome and more fair and efficient method to resolve individual claims.
It is clear from the record that individual resolution of the nature and circumstances of each class member's alleged breach of contract claim against Metropolitan would be required. Attempting to achieve that result within a class action will not adequately ensure a fair and efficient method of adjudication. See Sup.R.Civ.P. Rule 23(b)(3) In making this determination, the Court does not reach the merits of the case. Therefore, for the above reasons, the Plaintiff's motion for class certification is denied as to certification under Rule 23(b)(3).[3]
Counsel shall prepare the appropriate judgment for entry.
[1] Rule 23 states in relevant part:
 Rule 23. Class Actions.
 (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
 (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: (1) The prosecution of separate actions by or against individual members of the class would create a risk of:
 (A) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
 (B) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
 (2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
 (3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a classification. . . .
[2] Metropolitan also argues that the Plaintiff lacks standing to bring these issues before the Court. The Plaintiff, however, has alleged an injury in fact in connection with Metropolitan's actions regarding the March 25, 1998 accident that gives him the requisite standing. Whether he will succeed on the merits is not before the Court at this time.
[3] Based upon this decision, the Court need not reach the issues involved in the Defendant's Motions to Strike.