J-A33026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WILLIAM R. PIPER JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ELKHART BRASS MANUFACTURING COMPANY, INC. AND FIRE TECH AUTOMATIC SPRINKLER, INC. | |
| Appellees | No. 1018 EDA 2015 |
| v. | |
| TRIAD FIRE PROTECTION | |
| Appellee | |

Appeal from the Order Entered March 5, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No: February Term, 2013 No. 03348

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 22, 2016**

Appellant, William J. Piper, Jr., appeals from the March 5, 2015 trial court order denying class certification.[1]  We affirm.

On May 29, 2012, flooding occurred in Center City One, a condominium building located at 1326 Spruce Street, Philadelphia.  Center

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  An order denying class certification is an appealable collateral order under Rule 313 of the Pennsylvania Rules of Appellate Procedure.  **McGrogan v. First Commonwealth Bank**, 74 A.3d 1063, 1078-79 (Pa. 2013).

City One is a mixed use commercial and residential building. The flooding was a result of two separate failures in the building's standpipes. On the sixth floor, a valve manufactured by Appellee, Elkhart Brass Manufacturing Company, Inc. ("Elkhart"),[2] failed, causing damage to fourteen residential units on the fifth and sixth floors. On the thirtieth floor, a cap manufactured by Appellee Firetech Automatic Sprinkler, Inc. ("Firetech"), failed, causing damage to sixty residential units on floors seventeen through thirty.

Appellant owned two units on the twenty-ninth floor of Center City One and occupied one of them. On March 1, 2013, Appellant filed a class action complaint. The complaint alleged causes of action in negligence and private nuisance. On June 16, 2014, Appellant filed a motion for class certification. Appellant's proposed class of plaintiffs includes persons who suffered property damage, economic loss, and/or the loss of use and enjoyment of their condominium because of the flooding. The trial court conducted a class certification hearing on January 14 and 15, 2015. On March 5, 2015, the trial court entered the order on appeal denying class certification.

Appellant presents two questions for our review:

> 1. Did [Appellant] make a *prima facie* showing that the proposed class's damages claims could be determined on a class-wide basis by introducing into evidence liability and expert opinions refuting [Appellees'] causation defense and determining the proposed class members' economic damages could be

---

[2] Elkhart joined Appellee Triad Fire Protection Engineering Corp. ("Triad") as an additional defendant. Triad allegedly maintained the failed pipe system.

accomplished on a class-wide basis (and who actually reviewed damages claims and opined that they were reasonable property damage estimates)?

2. Where, as here, [Appellees] admitted at the class certification hearing that 'if this case were bifurcated [between liability and damages] . . . then it would simply be an accounting procedure for the people to present their damage claims and make some kind of adjustment,' did the trial court neglect to consider the requirements of the class action rules, or abuse its discretion in applying them, when it found that 'damages to units below and above the 6th floor may be found to have different causes resulting in damages against different defendants?'

Appellant's Brief at 8. We will consider these questions together.[3]

A plaintiff seeking class certification must meet the criteria set forth in

Rule 1702 of the Pennsylvania Rules of Civil Procedure:

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

---

[3] Appellant fails to develop his second assertion of error in the argument section of his brief in violation of Pa.R.A.P. 2119(a).

Pa.R.C.P. 1702. In determining whether a class action is a fair and efficient means of adjudication, the trial court must consider the factors set forth in Rule 1708. Pa.R.C.P. 1708. Rule 1709 governs the trial court's analysis of whether the class representatives will provide fair and adequate representation of the class. Pa.R.C.P. 1709.

"Class certification presents a mixed question of law and fact." *Samuel-Bassett v. Kia Motors America, Inc.*, 34 A.3d 1, 15 (Pa. 2011), *cert. denied*, 133 S. Ct. 51 (2012). "[T]he policy of this Commonwealth toward certification of class is both liberal and inclined toward maintaining class actions[.]" *Eisen v. Indep. Blue Cross*, 839 A.2d 369, 371 (Pa. Super. 2003), *appeal denied*, 857 A.2d 679 (Pa. 2004). If the complaint contains well-pled facts supporting a class action, the proponent must present evidence in support of the pleadings at the certification hearing. *Janicik v. Prudential Ins. Co. of Am.*, 451 A.2d 451, 456 (Pa. Super. 1982). "Because the requirements for class certification are closely interrelated and overlapping, the class proponent need not prove separate facts supporting each[.]" *Id.* "[R]ather, her burden is to sufficiently establish those underlying facts from which the court can make the necessary conclusions and discretionary determinations." *Id.* The proponent need only make out a *prima facie* showing that the five requirements of Rule 1702 are satisfied. *Debbs v. Chrysler Corp.*, 810 A.2d 137, 153-54 (Pa. Super. 2002), *appeal denied*, 829 A.2d 311 (Pa.

2003). *Prima facie* evidence is "[e]vidence which, standing alone and unexplained, would maintain the proposition and warrant the conclusion." **Cosmas v. Bloomingdales Bros.** 660 A.2d 83, 86 (Pa. Super. 1995) (quoting Black's Law Dictionary (6th ed. 1990)). In sum, the proponent of the class does not face a heavy burden. **Cambanis v. Nationwide Ins. Co.**, 501 A.2d 635, 637 (Pa. Super. 1985).

Nonetheless, we will not disturb an order denying certification unless the trial court abused its discretion. **Samuel-Bassett**, 34 A.3d at 15. "An abuse of discretion will be found if the certifying court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact; the trial court must have exercised unreasonable judgment, or based its decision on ill will, bias, or prejudice." **Id.** "The existence of evidence in the record that would support a result contrary to that reached by the certifying court does not demonstrate an abuse of discretion by that court." **Id.**

Instantly, the trial court found the class to be sufficiently numerous (Rule 1702(1)) and that the class representatives and their counsel would fairly and adequately represent the class (Rules 1702(4) and 1709). Those findings are not presently at issue. The trial court denied certification because of insufficient commonality of questions of fact (Rule 1702(2)), insufficient typicality among the various claims and defenses at issue (Rule 1702(3)), and because the court believed a class action was not a fair and

efficient method of adjudicating the parties' dispute (Rules 1702(5) and 1708).

Commonality exists if "the class members' legal grievances arise out of the 'same practice or course of conduct' on the part of the class opponent." *Janicik* 451 A.2d at 457 (quoting *Albin, Inc. v. Bell Telephone Co. of Pennsylvania*, 435 A.2d 208, 213 (Pa. Super. 1981)). "The existence of individual questions essential to a class member's recovery is not necessarily fatal to the class, and is contemplated by the rules." *Id.* The *Janicik* Court referenced Rule 1708, which provides that the common issues of law or fact must predominate. *Id.* (citing Pa.R.C.P. 1708(a)(1)). "The standard for showing predominance is more demanding than that for showing commonality [. . .], but is not so strict as to vitiate Pennsylvania's policy favoring certification of class actions." *Samuel-Bassett*, 34 A.3d at 23.

The trial court addressed commonality and predominance as follows:

> The liability claims in this case can be broken into two groups, claims for apartments above the 6th floor and claims for apartments below. Plaintiff claims residential units on the 5th and 6th floors suffered damages from water flowing in the proximity of Elkhart's 6th floor PRV. They claim further that this failure also resulted in the failure of the 30th floor 'riser end cap.' Elkhart claims that no such failure would have occurred if the standpipe system had been properly maintained by Triad, or properly designed and installed by Fire Tech. Elkhart further claims that all damages to units above the 6th floor occurred because of these intervening causes. Thus, the damages to units below and above the 6th floor may be found to have different causes resulting in damages against different defendants. As to liability these differences alone would not preclude certification, even though they involve claims of strict liability and negligence and different parties. Indeed, if there

was a possible certification for liability purposes only, this would be the perfect opportunity to avoid inconsistent liability verdicts and to determine significant issues in all the cases at one time. However, Pennsylvania law does not permit such limited certification.[4]

As to damages the mere delineation of the types of damages claimed demonstrates the fact that commonality of claims has not been demonstrated. Although this action involves only a limited number of resident class members and limited number of units, and a limited number of class members who have rented their apartments and a limited number of insurance companies claiming subrogation rights, there is a vast array of personalized damages issues presented. It is alleged that water damage caused personal property damage requiring replacement, personal property damage necessitating repair, loss of use occupancy damage, loss of rental income damage, loss due to insurance deductible damage, and loss to insurance company payments. Each item of damage must be individually proven at trial. The damages sustained by each class member are dramatically diverse and individual. These diverse and individual damages may depend on whether the condominium unit was occupied or vacant at the time of the flood, whether it was occupied by the owner or someone other than the owner at the time of the flood, whether there was a financial loss due to the need for alternative housing and the extent of those loss [sic], when each unit was restored to habitability, what was the cost of the restoration, whether there was insurance coverage for any losses, what were the individualized insurance

_____

[4] The Dissent argues that since Pennsylvania Rule 1710 tracks its federal counterpart, F.R.C.P. 23(c)(4), we should look to federal law to ascertain whether Pennsylvania law permits certification for liability only. Dissenting Memorandum, at 3-4. Citing a case from the Federal District Court of West Virginia, the Dissent concludes the trial court could have considered a limited certification here. *Id.*

We decline to address this issue because it is not properly before us. Appellant argues that all issues in the case, including damages, are amenable to class certification. Appellant has not argued for certification on liability only. We therefore have no occasion to endorse or reject the trial court's views on the legality of certification for liability only.

deductibles, was the property damage to the structure of the interior walls, interior surfaces, floors, or fixtures, whether furniture or other personal property was damaged including whether there had been any prior damage, whether any repair or replacements made were reasonable necessary due to the flood and whether the amounts actually paid were reasonable. With respect to personal property loss, the condition at the time of loss may need to be evaluated. Indeed, all the different criteria which go into the evaluation of any individual water damage loss would be required for a proper assessment of damages as to every class member.

Trial Court Opinion, 6/11/15, at 9-10.

Citing **Cambanis**, Appellant argues certification is appropriate even if the class members stand to receive different amounts of damages. **Cambanis**, 501 A.2d at 640 ("It is well-settled that questions as to the amount of individual damages do not preclude a class action."). The **Cambanis** Court noted that class certification would be rare if it occurred only where class members sustained identical damages. **Id.** The Court further expounded on the broad discretion of trial courts to manage class action litigation:

> Pennsylvania Rules of Civil Procedure 1710, 1713 and 1714 grant the court extensive powers to manage the class action. These include the ability to limit the class action as to issues, divide the class into subclasses, approve settlements and monitor the conduct of the action. In [**Janicik**], this Court stated that: 'The court should rely on the ingenuity and aid of counsel and upon its plenary authority to control the action to solve whatever management problems litigation may bring.' [**Janicik**, 451 A.2d at 462.] The determination of damages is an appropriate area for the exercise of these powers.
>
> A trial limited to the issue of liability is an efficient method of deciding [defendant's] liability [. . .]. If the issue of liability is

decided in favor of the estates, then the question of the amounts of individual damages will be considered.

> **Where damages may be determined by a mathematical or formula calculation and may be considered a mechanical task, then a class action may be proper.** [*Windham v. American Brands, Inc.*, 565 F.2d 59 (4th Cir. 1977), *cert. denied*, 435 U.S. 968 (1978)]. [. . .] The amount of damages due to each estate would appear to be a straight-forward calculation once liability is shown. The damage issue is, therefore, suitable for class action treatment.

*Id.* at 640-41 (emphasis added).

In *Cambanis*, this Court found class certification appropriate where the varying amounts of damages were ascertainable from actuarial tables. *Id.* at 640. Similarly in *ABC Sewer Cleaning Co. v. Bell of Pennsylvania*, 438 A.2d 616 (Pa. Super. 1981), the plaintiffs alleged the defendant artificially inflated the cost of advertising in the Yellow Pages. This Court held a class action was permissible where the plaintiffs' damages awards would be calculable based upon a finding of the reasonable rate the defendants could charge for advertising. *Id.* "The question of what rate is reasonable for the defendants to charge will be answered objectively, one time, for all members of the class." *Id.* at 620.

> The only remaining question, if unreasonableness be proved, will be the objective amounts of damage to which individual class members are entitled. Presumably, the same proportion will apply to each class member. Even if there are differences in the amounts of damages, however, a class action is clearly not barred[.]

*Id.*

The foregoing cases are distinguishable from the instant matter. Here, this is not a situation where Appellant's damages can be "determined by a mathematical or formula calculation and may be considered a mechanical task." **Cambanis**, 501 A.2d at 641.[5] The trial court issued detailed findings in support of its opinion that the class members' damages will vary in kind and amount, and the record supports the trial court's findings.

Appellant references another Philadelphia case, **Schall v. Windermere Court Apartments**, Docket number 1247 of 2011, in which the trial court certified a class action for an apartment fire. Appellant's Brief at 14-15. Appellant asserts that its damages expert was able to assess damages to the trial court's satisfaction in **Schall**. The **Schall** court apparently did not issue a reported opinion, and even if it did, its opinion would not bind other judges of the Philadelphia County Court of Common Pleas or this Court.

Assuming without deciding that Appellant's expert's report provided some evidence to support certifying a class here, reversal still is not warranted. We have already explained that the existence of evidence

---

[5] We do not hold, as the Dissent seems to suggest, that certification is appropriate only where the damages calculation is purely formulaic. **See** Dissenting Memorandum, at 2. We have no occasion to make so broad a statement. We conclude only that the record supports the trial court's finding that damages are very diverse—in kind and in amount—among the proposed class members, and that the trial court did not err in its application of the law to the facts before us.

potentially supporting a contrary result does not by itself create a reversible abuse of discretion. **Samuel-Bassett**, 34 A.3d at 15. Rather, reversible error occurs where the trial court fails to apply the class certification rules or abuses its discretion in applying them. **D'Amelio v. Blue Cross of Lehigh Valley**, 500 A.2d 1137, 1141 (Pa. Super. 1985), *appeal denied*, 522 A.2d 556 (Pa. 1986). Here, the trial court's opinion evinces a thorough assessment of the certification rules, and the record supports its conclusion that the class members' potential recoveries rest on "dramatically diverse and individual" circumstances. Trial Court Opinion, 6/11/15, at 10. We therefore conclude the trial court did not abuse its discretion in finding commonality and the predominance of common issues lacking.[6]

The trial court relied on similar considerations to find, pursuant to Pa.R.C.P. 1702(3) and (5) and 1708, that Appellant's claims were not sufficiently typical of the claims of the class members, and that a class action would not be a fair and efficient means of adjudicating this matter. *Id.* at 11-16.

> **A challenge to the typicality requirement presumes that commonality has been established.** The purpose of the typicality requirement is to ensure that the class representative's overall position on the common issues is sufficiently aligned with that of the absent class members to ensure that her pursuit of her own interests will advance those of the proposed class members.

---

[6] Our conclusion on commonality provides sufficient grounds to affirm the trial court's order.

***Samuel-Bassett***, 34 A.3d at 30 (internal quotation marks omitted) (emphasis added). Given our affirmance of the trial court on commonality, Appellant's argument as to typicality also fails.

Rule 1708 requires the trial court to consider the following as to fairness and efficiency of a class action:

> (1) whether common questions of law or fact predominate over any question affecting only individual members;
>
> (2) the size of the class and the difficulties likely to be encountered in the management of the action as a class action;
>
> (3) whether the prosecution of separate actions by or against individual members of the class would create a risk of
>
>> (i) inconsistent or varying adjudications with respect to individual members of the class which would confront the party opposing the class with incompatible standards of conduct;
>>
>> (ii) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;
>
> (4) the extent and nature of any litigation already commenced by or against members of the class involving any of the same issues;
>
> (5) whether the particular forum is appropriate for the litigation of the claims of the entire class;
>
> (6) whether in view of the complexities of the issues or the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate actions;
>
> (7) whether it is likely that the amount which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action.

Pa.R.C.P. 1708(a).

In considering typicality, the trial court relied largely on the findings it set forth in its commonality analysis. This is not unusual in a certification case, as the class certification requirements often depend on overlapping evidence. *Janicik*, 451 A.2d at 456. Concerning Rule 1708(a)(1), governing the predominance of common questions of law or fact, the trial court simply incorporated by reference its commonality analysis. Trial Court Opinion, 6/11/15, at 13. The trial court deemed the class unmanageable under Rule 1708(a)(2) because of the highly individualized facts underlying each damages claim. *Id.* at 14. The trial court also found that Appellant did not offer sufficient evidence for the court to determine whether the separate claims of individual class members were too small to support separate actions, per rule 1708(a)(6). *Id.* at 15-16.

In summary, the trial court provided a detailed analysis in support of its conclusion that this case is distinguishable from cases such as *Cambanis* and *ABC Sewer*, in which the courts held that varying amounts of class member damages will not defeat a class action. Here, the class members' damages vary in kind—property damage, lost rental income, loss of use and enjoyment, etc.—and in amount. Each class member's recovery will be fact specific and not discernible by mechanical application of a formula.

Based on all of the foregoing, we conclude the trial court acted within its permissible discretion.

Order affirmed.

President Judge Emeritus Ford Elliott joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/2016